## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| NAPOLEON STEVEN MENDEZ LEON, | Case No. 26–cv–07176–ESK |
| Petitioner, | |
| v. | OPINION AND ORDER |
| WARDEN, DELANEY HALL DETENTION FACILITY, *et al.*, | |
| Respondents. | |

**THIS MATTER** is before the Court on petitioner Napoleon Steven Mendez Leon's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition).   (ECF No. 1.)

1.   Petitioner is a citizen of Ecuador.   (ECF No. 5 p. 1.)   He entered the United States lawfully in 2017 due to his mother's marriage to a United States citizen.   (*Id.*)

2.   That status was terminated on February 18, 2025 when his "mother failed to establish that her marriage was entered into in good faith and not merely to procure her residence in the United States."   (*Id.*)

3.   Petitioner was ordered to appear before an immigration judge on April 13, 2026.   (ECF No. 5–2 p. 2.)

4.   Immigration and Customs Enforcement (ICE) arrested petitioner on June 14, 2026 and detained him in Delaney Hall Detention Facility.   (ECF No. 5 pp. 2, 3.)   This Petition followed on June 16, 2026.   (ECF No. 1.)

5.   Respondents filed an answer on June 22, 2026 stating that petitioner was being detained pursuant to 8 U.S.C. § 1226(a) and that petitioner submitted a request for a bond hearing on June 17, 2026.   (ECF No. 5 p. 3.)

6.   The bond hearing took place on June 25, 2026.   (ECF No. 6–1 p. 4.) The immigration judge denied bond after finding that petitioner was a flight risk.   (*Id.*)

7.   Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or

treaties of the United States."   28 U.S.C. § 2241(c)(3).   A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States."   28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

8.   "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)."   *Zheng v. Rokosky*, No. 26–cv–01689, __ F. Supp. 3d __, 2026 WL 800203, at *3 (D.N.J. Mar. 23, 2026).

9.   "[T]he creation of statutory rights associated with a given immigration status falls exclusively within the purview of Congress ... ."   *Osorio-Martinez v. Att'y Gen. United States of Am.*, 893 F.3d 153, 172 (3d Cir. 2018).   Section 1226 and its implementing regulations require the Department to "provide detainees with a 'prompt bond hearing.'"   *Zheng*, 2026 WL 800203, at *3 (quoting *Borbot v. Warden Hudson Cnty. Corr. Facility*, 906 F.3d 274, 278 (3d Cir. 2018)).   "Not only do the statute and federal regulations require a bond hearing, the Constitution does as well."   *Id.* at *4.

10.   Petitioner had his bond hearing and has not argued that the bond hearing violated his due process rights.   Under the present facts, I can grant no further relief pursuant to § 2241.   *See Borbot*, 906 F.3d at 279.

Accordingly,

**IT IS** on this   **30th** day of **June 2026**   **ORDERED** that:

1.   Petitioner's   § 2241   Petition   is   **DISMISSED   WITHOUT PREJUDICE**.

2.   Any restrictions imposed on petitioner's location are **LIFTED**.

3.   The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*

**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

2